## JOHN A. TOLMAN CO. v. SAVAGE *et al.*

1. Where, on appeal, the record consists only of the pleadings, the special verdict of the jury, and the judgment rendered by the court, and the only error assigned is that the judgment is not supported by the special verdict, no other question of error, not going to the jurisdiction of the court, can be considered.

2. The presumption which goes to support a judgment on appeal will supply ommissions, but cannot prevail against positive error.

3. Where, in an action at law, the jury, in answer to a specific question of fact, finds and returns a definite amount as due the plaintiff from the defendants, the correctness of which answer is not challenged by either side, the plaintiff is presumptively entitled to judgment for such amount.

4. If facts exist which justify the court in rendering a different judgment the record should show them.

(Syllabus by the court. Opinion filed July 27, 1894.)

Appeal from circuit court, Codington county, Hon. J. O. ANDREWS, Judge.

Action upon a contract of guaranty. Judgment for defendants and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Weeden & Hanten*, for appellant.

A continuing guaranty is one which by its term indicates that the parties look to a future course of dealing for an indefinite time. 9 Am. E. Enc. Law, 77; Mathews v. Phelps 28 N. W. 108; Comp. Laws § 4288. A contract in writing takes effect upon the delivery to the party in whose favor it is made. Comp. Law, § 3546; Davis v. Wells, 104 N. S. 159.

*Bennett & Sheldon*, for respondent, Chas. Joscelyn.

An ommission to file the findings of fact is a mere irregularity and not a ground for reversal. Hooker v. City, 126 N. Y. 635; White v. Magann, 26 N. W. 260; North v. Peters, 138 U. S. 271; Bouckout v. Swift, 87 Am. Dec. 90; Garr Scott & Co. v. Spaulding, 51 N. W. 867. All facts not found are presumed to have been found in support of the judgment. Welland v. Villisene, 26 Pac. 403.

KELLAM, J. The single question in this case is, can the judgment which was rendered by the trial court stand upon the special verdict which was returned by the jury? There is no bill of exceptions or statement, and the special verdict goes

only to the state of the account between the parties. The court rendered judgment against defendant Savage for $413.33, and in favor of the defendants Thomas and Joscelyn against the plaintiff. Plaintiff appeals from the judgment rendered in favor of the last named defendants. From what is before us, we think the following facts may fairly be stated, as explanatory: April 19, 1890, defendant Savage made a written agreement with plaintiff, who is appellant here, to sell goods for plaintiff, as a traveling salesman, for the term of one year, unless sooner ended by plaintiff. On the 23d day of April, 1890, defendants gave plaintiff a written agreement, by which they severally guaranteed "the payment to John A. Tolman Co. of any and all moneys collected by Walter M. Savage, and any and all indebtedness now due, or which may hereafter become due, John A. Tolman Co., in excess of the amount due said Walter M. Savage, as per agreement between said John A. Tolman Co. and said Walter M. Savage," etc. Savage continued in the employ of appellant beyond the year named in the agreement, and the first and the principal question argued by counsel is, are the sureties liable for his defaults occurring after the expiration of such year?

We are unable to find anything in the record to justify us in attempting to answer this question, or in placing a construction upon the agreement upon which plaintiff's action was based. The case was tried to a jury, and certain questions of fact submitted to them, upon which they returned answers in the nature of a special verdict. Neither party takes any exception to the correctness of these answers, nor does either assign any error upon the instructions of the court, nor in the manner of the submission of the case, nor in the matters or questions submitted. The only error assigned is that the judgment is not justified by the verdict. We have no means of knowing whether the trial court held the agreement of the sureties a continuing one, as contended for by appellant, or as limited to one year, as maintained by respondents. Whatever construc-

tion the court did put upon it must be regarded as acquiesced in by both sides, as neither took any exceptions; and, as suggested, the record is entirely innocent of any intimation as to what view the court did take of it, or even that there was any disagreement between the parties as to its legal effect. Upon such a record the only question we can consider is, what judgment should have been rendered on such findings? It seems very probable that there may have been matters before the trial court, influencing its decision, not appearing in the record presented to us. We can only pass upon what we find in the record. Upon appeal every intendment goes to support the judgment. It will supply defects and ommissions, but does not overcome what appears to be positive error. The findings particularly involved in this discussion were: "(4) How much, if anything, was the defendant Savage indebted to the plaintiff at the time of the commencement of this action? Answer. $376.15. (5) How much of the account were the defendants Thomas and Joscelyn liable for? Answer. $22.26. (6) Did the defendant Savage direct in what way his credits or allowances in his favor should be applied on his account with John A. Tolman Company? Answer. He did not. (7) How did the indebtedness between the plaintiff and defendant Savage stand upon April 21, 1894? Answer. $312.15 due plaintiff." Upon these findings, and others not now material to present, the court, as already mentioned, rendered judgment against defendant Savage for $413.33, and in favor of defendants Thomas and Joscelyn against the plaintiff. We are unable to see why finding 5 does not settle the rights of the appellant, as against respondents. The only fact in dispute between them was definitely submitted to the jury, and as definitely answered. Upon what evidence as to facts, or upon what theory as to law, the conclusion was reached, we do not know. We only know that the only matter shown by the record to be in dispute was one of fact, and was passed upon and settled by the jury.

We think there is apparent error in not rendering judgment in favor of plaintiff, and against defendants Thomas and

Joscelyn, upon this finding, and for the amount named. If there was anything before the trial court to avoid the effect of this finding, or render it inoperative, and so justify a judgment in favor of such defendants, *non obstante,* it was incumbent on respondents to show it. The record, as it is, seems to show error; and the judgment, so far as appealed from, is reversed. As both sides seem to be satisfied with the findings, no new trial is necessary, and the case is remanded to the circuit court with directions to cause judgment to be entered in accordance with such findings and this opinion. All the judges concur.